### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF COLUMBIA

MALIBU MEDIA, LLC,

      Plaintiff,

vs.

JOHN DOE subscriber assigned IP address
68.55.54.244,

      Defendant.

Civil Action No.:     1:14-cv-00128 (BAH)

## DEFENDANT'S MOTION TO QUASH SUBPOENA TO COMCAST CABLE

     John Doe (IP address 68.55.54.244) ("Defendant"), by and through its undersigned

counsel, hereby moves to quash the subpoena directed to Comcast Cable and any intermediary

ISP that may be identified in response to a subpoena as providing internet services to the putative

defendant[1]. Defendant states the following in support thereof:

### I.  BACKGROUND

     Malibu Media, LLC ("Plaintiff"), filed its Complaint on January 30, 2014, alleging that

Defendant violated Plaintiff's copyright to fifteen pornographic video productions ("the Works")

at fifteen different times ("Hit Dates UTC") over the course of nearly a year (01/05/2013

16:35:08 to 12/30/13 02:19:38).  *See* Complaint, Ex. A-B.

     The Court granted Plaintiff's request to serve a third-party subpoena prior to a Rule 26(f)

Conference on the same day, January 30, 2014. To uncover Defendant's identifying information,

Plaintiff issued a subpoena to Defendant's alleged Internet Service Provider (ISP), Comcast

---

[1] Undersigned counsel hereby certifies that in accordance with LCvR 7(m), undersigned counsel attempted to contact opposing counsel with respect to the present motion in a good faith effort to determine whether there is any opposition to the relief sought, and if so to narrow the areas of disagreement.  As of filing of the present motion, opposing counsel has not responded to those attempts.

Cable. Defendant was identified to Comcast by IP address 68.55.54.244 on Hit Date UTC 12/30/13 02:19:38. Before revealing Defendant's identifying information—including name, current and permanent address, telephone number, e-mail address, and Media Access Control (MAC) Address—Comcast alerted Defendant with the Court-ordered notice of Plaintiff's subpoena[2].

Plaintiff's Complaint is ostensibly about the protection of Plaintiff's copyright to certain films. But this litigation is just one of countless actions brought by this Plaintiff and other similar Plaintiffs claiming copyright protection for pornographic films. To Defendant's knowledge and belief, very few of these similar actions have ever been brought to trial.

The fact that few similar cases have been brought to trial is significant. It evidences the real purpose of these suits: not to enforce copyrights, but to bully defendants, such as Defendant, into financial settlements to avoid being publicly associated with a pornographic video company and avoid being publicly accused of illegally downloading pornography.

The fact that the terms "Defendant", "John Doe", and "Doe" are used somewhat interchangeably throughout this motion is not an admission that the subscriber identified by Comcast is a proper defendant in this matter.

## II.  MOTION TO QUASH THE SUBPOENA

### A.  DEFENDANT HAS STANDING TO CHALLENGE SUBPOENA

A party has standing to challenge a subpoena issued to a non-party if the party claims "some personal right of privilege in the information sought in the subpoena." *Robertson v. Cartinhour*, No. AW-09-3436, 2010 WL 716221, at *1 (D. Md. Feb. 24, 2010). The burden of

---

[2] Plaintiff has filed numerous "John Doe" lawsuits in this district each requesting subpoena(s) to ISP providers which have been subject to various motions to quash with divergent outcomes.  The present motion presents a procedural position distinct from prior matters before this Court, namely that undersigned counsel has been authorized by Defendant to accept service of the Complaint thus obviating the purported basis for the information requested in the present third party subpoena.

persuasion on a motion to quash is borne by the movant. *See Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4, 577*, 736 F. Supp. 2d 212, 215 (D.D.C. Sep. 10, 2010).

In this case, the subscriber John Doe has a right to privacy in the personal information sought by Plaintiff, including name, current and permanent address, telephone number, e-mail address, and Media Access Control (MAC) Address. *See Malibu Media, LLC v. John Does 1-11*, No. 12-0237 (RLW), at *3 (D.D.C. July 10, 2012) (recognizing privacy interests of Doe Defendant because "there is a reasonable likelihood that the Movant may have had no involvement in the alleged illegal downloading that has been linked to his or her IP address," and the allegation of "illegal downloading of pornographic material would cause him or her undue embarrassment due to the nature of the content of the copyrighted material"). No matter how "minimal or 'exceedingly small' Doe's interests are, a party needs only have 'some personal right or privilege in the information sought' to have standing to challenge the subpoena to a third party." *Robertson*, 2010 WL 716221, at *1. Accordingly, Doe has standing to contest the subpoena, and this motion to quash should not be denied on that basis. *Third Degree Films, Inc. v. Does 1-108*, 8:11-cv-3007-DKC (D. Md. 2012).

**B.     THE PERSON USING A DEVICE CONNECTED TO THE INTERNET IS NOT NECESSARILY THE REGISTERED ISP SUBSCRIBER**

There are many circumstances where the person to whom an IP address may be registered is not the only person able to access the internet through that address. Indeed, even if Plaintiff obtained the "'limited discovery' that it asserted would lead to Defendant[']s identit[y] . . . presumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps the residence of any neighbor, houseguest, or other sharing his internet access, would be fair game." *See Pacific Century Int'l Ltd. v. Does*, 2011 WL 5117424, at *2 (N.D.Cal. Oct. 27, 2011).

Courts have previously recognized the implications of the fact that a person to whom an IP address is registered may not be the only individual who can access the internet through that IP address. In describing the abusive nature of cases like this one, one court said, "It is no more likely that the subscriber to an IP address carried out a particular computer function—here the purported illegal downloading of a single pornographic film—than to say an individual who pays the telephone bill made a specific telephone call." No. 2:11-cv-03995 (citing *Patrick Collins, Inc. v. Does 1-3757*, 2011 U.S. Dist. LEXIS 128029, at *6-7 (N.D. Cal. Nov 4, 2011)).

Indeed, in this case, Defendant is not the actual infringer. Doe has never used BitTorrent, illegally downloaded films, or watched any of Plaintiff's films. Nor has any member of Doe's household, as far as Doe is aware.  Doe is ready and willing to provide any evidence (e.g., Declarations and analysis of computers in the home) that the Court would find useful in examining such a claim by Doe.  However, due to the limited time constraints in filing the present motion, Doe has been unable to do so at this time.  Doe believes that someone illicitly connected to Doe's internet connection, or that someone permissively connecting to Doe's internet connection took advantage of Doe's wireless network and used BitTorrent software to perform the alleged acts of infringement, if they in fact actually occurred.  But even if that were the case, Plaintiff's claim for Direct Copyright Infringement would still fail against the Comcast subscriber to be identified as a result of the present subpoena.

Therefore, even if Plaintiff obtains Doe's information from Comcast, that information is not reasonably calculated to provide Plaintiff with the proper Defendant in this matter.

### C.      THE MAC ADDRESS DOES NOT INDICATE THE IDENTITY OF WHO ACCESSED THE INTERNET AT A GIVEN TIME FROM THE IP ADDRESS

The identity of devices connected to the internet through an IP address is often limited to the first in a chain of devices. Often, the modem providing the internet connection is the only

device that can be identified. Some modems are combined with wireless routers—a device that still does not allow the end-user's device to be identified. But ownership of a modem or even a wireless router does not make the subscriber the only possible user of an internet connection accessed through that device. Therefore, even the MAC address logged by the ISP is of limited or no value in determining what device, much less what person, was using that device to access the internet at a given time. Other courts have recognized as much, acknowledging that even if a wireless router has been secured, "neighbors or passersby could access the Internet using the IP address assigned to a particular subscriber and download the plaintiff's film." *In re BitTorrent Adult Film Copyright Infringement Cases*, No. 11-3995, 2012 WL 1570765, at *7 (E.D.N.Y. May 1, 2012). Thus the subpoena is not likely to result in identifying the actual infringer.

### D.       A GIVEN IP AND MAC ADDRESS DOES NOT INDENTIFY AN ACTUAL WRONGDOER

Because it is not possible to identify the actual device (e.g., computer) used to access the internet, or the person using the actual device, simply classifying the person who happens to pay the internet-service bill as an illegal downloader of internet pornography creates a significant probability that many people who have done no wrong will settle claims out of court. For some, this may be a simple business decision: it would be cheaper to settle than to litigate; for others, who lack the financial resources to mount an adequate defense, the "choice" is forced. For all potential defendants, regardless of the costs of litigation, there is the additional burden of being branded with the social stigma attached to viewing illicit internet pornography. These factors combine to create the potential for a coercive and unjust settlement.

In *Elf-Man, LLC v. Cariveau*, another court recognized the inherent inability—particularly in a wirelessly-connected world—to identify a copyright infringer by an IP address alone. *Elf-Man, LLC v. Cariveau*, C113-0507RSL, 2014 WL 202096 (W.D. Wash. Jan. 17, 2014). Explaining that the plaintiff's copyright infringement claim relied "on a conclusory allegation

that the named defendants were personally involved in the use of BitTorrent software to download [the work] and to further distribute the movie," the court dismissed the plaintiff's claim for direct copyright infringement. *Id.* "The only fact offered in support of [the direct copyright infringement] allegation is that each named defendant pays for internet access"—an allegation not even made in this case—"which [internet access] was used to download and/or distribute the movie." *Id.* But, the court continued, "simply identifying the account holder associated with the IP address tells us very little about who actually downloaded [the copyrighted work] using that IP address." *Id.*

Plaintiff's own words belie Plaintiff's claim that Defendant—as the subscriber—is actually the infringer. Plaintiff's Complaint acknowledges that "other persons" may be "in active concert or participation with Defendant" to infringe the copyrights; and that Defendant only has the power to "delete and permanently remove the digital media files relating to Plaintiff's works from each of the computers under Defendant's possession, custody or control." Complaint, 6-7. Thus, if—as is likely—Defendant did not infringe Plaintiff's work (e.g., because another person infringed Plaintiff's work using Defendant's connection), even if Plaintiff was granted all the relief it sought, there could be no relief other than money damages improperly charged to Defendant, because Defendant has no infringing copies of the works on any computer "under Defendant's possession, custody or control." Therefore, the motion to quash should be granted.

### E.  DEFENDANT IS UNDULY BURDENED BY SUBPOENA

Federal Rule of Civil Procedure 45(d)(3)(A) states that a court must quash a subpoena that "subjects a person to an undue burden." Fed. R. Civ. P. 45. A court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). The court determines what constitutes an "undue burden" by considering "relevance, the need of the party

for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Flatow v. Islamic Republic of Iran*, 196 F.R.D. 203, 206 (D.D.C. 2000).

The subpoena in the instant case will subject Defendant to an undue burden. *See SBO Pictures, Inc. v. Does 1-3036*, 2011 WL 6002620, at *3 (N.D.Cal. Nov. 30, 2011) ("By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, **placing a burden** upon them that weighs against allowing the discovery as designed.") (emphasis added).

Plaintiff does not present any evidence indicating that Defendant was the individual who executed the alleged illegal download of the Works. *See Elf-Man, LLC*, 2014 WL 202096, at *2 ("Plaintiff has not alleged that a named defendant has the BitTorrent 'client' application on her computer, that the download or distribution is in some way linked to the individual subscriber (as opposed to her account), that the defendant has acknowledged personal involvement in the download and distribution, or even circumstances which might increase the likelihood that the subscriber is the infringer (such as defendant's living arrangements or network details). Rather than provide specific facts tying the named defendant to the infringing conduct, plaintiff merely alleges that her IP address 'was observed infringing Plaintiff's motion picture' and guesses how that might have come about."). Any individual permissibly or impermissibly using Defendant's Internet service could have executed the alleged download. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) ("**Plaintiff's counsel estimated that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material**").

At least one court has denied a similar Plaintiff's requests for pre-service discovery, finding that "Plaintiff's sought-after discovery, as designed, has potential to draw numerous innocent

internet users into the litigation, placing a burden upon them that outweighs Plaintiff's need for discovery." *Pac. Century Int'l, Ltd. v. Does 1-101,* CV-11-2533 (DMR), 2011 WL 5117424 at *2 (N.D. Cal. Oct. 27, 2011). In another similar case, the court stated that that the lack of a perfect correlation between IP addresses and Doe defendants, combined with the stigma associated with accusations of even viewing pornography, "gives rise to the potential for coercing unjust settlements from innocent defendants." *Digital Sin, Inc. v. Does 1-176,* CV-12-00126, 2012 WL 263491, at *1 (S.D.N.Y. Jan 30, 2012). In *Third Degree Films* 8:11-cv-3007 (D. Md. April 27, 2012) the court stated that "the risk of extortionate settlements is too great to ignore."

Due to the pornographic nature of the download in question, the release of Defendant's personal information risks a substantial and almost certainly permanent injury to Defendant's reputation, and risks subjecting Defendant to the time, expense, emotional distress, and humiliation of defending against a baseless and embarrassing lawsuit. If Defendant is publicly accused of illegally downloading pornography, Defendant may be permanently affected and stigmatized. Defendant's business relationships, career, family ties, and social ties may be irreparably impacted by the mere public allegation of such an offense. "The risk of inappropriate settlement leverage is enhanced in a case involving salacious and graphic sexual content where a defendant may be urged to resolve a matter at an inflated value to avoid disclosure of the content defendant was accessing." *Cinetel* at *4.

It is impossible for an ISP (e.g., Comcast), Plaintiff, or anyone else to determine from an IP address (a) what type of device was connected to the Defendant's Internet connection on the date in issue (b) who was using the device on that date, (c) who was aware of the use of that device on that date, or (d) the physical location of any device that was linked to that IP address on that date. *See VPR Internationale v. Does 1-1017*, 2011 U.S. Dist. LEXIS 64656 (C.D. Ill. Apr. 29, 2011) ("IP subscribers are not necessarily copyright infringers . . . [while] an IP address might actually

identify an individual subscriber and address the correlation is still far from perfect . . . The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.").

This case is, as the *VPR Internationale* court stated, "a fishing expedition by means of a perversion of the purpose and intent of class actions." Accordingly, the subpoena referencing Defendant should be quashed.

### F.   Undersigned Counsel is Authorized to Accept Service on Behalf of Defendant

Defendant's undersigned counsel, is authorized to accept service on behalf of Defendant John Doe pursuant to Fed. R. Civ. Pro. 4(e)(2)(c).  Plaintiff explicitly stated that the purpose for seeking early discovery through the subpoena is to "serve the Defendant" and pursue this lawsuit. Plaintiff's Memorandum in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(F) Conference, Doc. 3-1, at 3; see also Call of the Wild Movie, LLC v. Does 1-1,062, 770 F. Supp. 2d 332 at 352 (D.D.C. March 22, 2011) (where the court order granting plaintiff's limited discovery requests were "specifically targeted to obtain the information plaintiffs need to prosecute their lawsuits"). If Plaintiff's true purpose is to effect service on Defendant, and not to extort a settlement, then counsel's acceptance of service on behalf of Defendant is sufficient to allow Plaintiff to move forward with this case. *See In Re BitTorrent Adult Film Copyright Infringement Cases*,  2012 WL 1570765, at *15 (E.D.N.Y. May 1, 2012) ("obtaining the home telephone numbers seems calculated to further plaintiffs' settlement strategies, discussed above, rather than advancing their claims by allowing them to effect service.").

Quashing the subpoena in its entirety and administering service of the Complaint via service on Defendant's counsel will fairly protect the interests of justice and both parties in this case. *See* F.R.Civ.P. 1 (Rules "should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding"). The Plaintiff—who would not

suffer additional burden by serving Defendant's counsel instead of Defendant—could move forward with the case. And Defendant, an innocent third party, could avoid the significant burden that implicitly accompanies being a named defendant in an illicit pornography infringement lawsuit, while also fairly contesting the allegations levied by Plaintiff. *See Digital Sin, Inc. v. Does 1-5698,* 2011 WL 5362068 (N.D.Ca. Nov. 4, 2011) ("ISP subscribers may be innocent third parties, the subject matter of the suit deals with sensitive and personal matters, and the jurisdictional and procedural complications might otherwise dissuade innocent parties from contesting all allegations"). Therefore, Defendant respectfully requests that the Court quash the subpoena in its entirety.

### III.  CONCLUSION

Having stated the foregoing, Defendant respectfully requests the following:

1.      The subpoena be quashed in its entirety because Plaintiff's allegations are insufficient to prove that the subscriber associated with the IP address 68.55.54.244 (i.e., Defendant) has any liability for alleged copyright infringement; identifying Defendant in the context of this pornographic case would cause undue harm to Defendant without providing relief to Plaintiff; and Defendant's counsel is authorized to accept service on behalf of Defendant, thereby meeting Plaintiff's stated goal of effecting service to move this case forward, and obviating the need for the subpoena.

Respectfully Submitted,

Dated:  February 26, 2014

**BANNER & WITCOFF, LTD.**
By:    /s/ Christopher B. Roth
Christopher B Roth, D.C. Bar No. 473502
Ross A. Dannenberg, D.C. Bar No. 473917
   (*Pro hac vice* concurrently filed)
1100 13th Street NW, Suite 1200
Washington, D.C. 20005-4051
Telephone:  (202) 824-3000

Facsimile:   (202) 824-3001
croth@bannerwitcoff.com
rdannenberg@bannerwitcoff.com

***Attorneys for Defendant***