UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MALIBU MEDIA, LLC,

   Plaintiff,

vs.

JOHN DOE subscriber assigned IP address 68.55.54.244,

   Defendant.

Civil Action No.:   1:14-cv-00128 (BAH)

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH SUBPOENA TO COMCAST CABLE**

Plaintiff's opposition does not address the one undeniable fact that undercuts the entire purpose argued by Plaintiff as the basis for their subpoena—counsel for Defendant's willingness and ability to accept service of the complaint allows this case to proceed and moots the need to invade Defendant's legitimate privacy interests through a third-party subpoena.

## I. PLAINTIFF CAN EFFECT SERVICE WITHOUT THE INFORMATION SOUGHT IN THE SUBPOENA

### A. *Defendant's Counsel is Willing to Accept Service, Allowing Case to Go Forward*

Defendant's counsel, as indicated in Defendant's Motion, is willing to accept service on behalf of Defendant. *See* Dkt. No. 9, at *9-10. Plaintiff's motion for discovery in advance of a Rule 26(f) conference was in large part based on Plaintiff's alleged inability "to serve the Defendant with process and proceed with this case." Dkt. No. 3-1, at *8; *cf.* Fed. R. Civ. P. 26. Here, Plaintiff has the ability "to serve Defendant with process and proceed with this case" by serving Defendant through Defendant's counsel, therefore obviating the need for Plaintiff's discovery before a Rule 26(f) conference. Plaintiff in its Opposition does not object to—or even

address—Defendant's counsel's willingness to accept service on behalf of Defendant. *See* Dkt. No. 10-1.

In all of this Court's previous cases cited to by Plaintiff where a motion to quash was denied, the quashing of the subpoena to the internet service provider would have left Plaintiff unable to serve process. *See Hard Drive Prods., Inc. v. Does 1-1,495*, 892 F. Supp. 2d 334, 340 (D.D.C. 2012) ("without defendants' identifying information, plaintiff cannot name or serve process on defendants"); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 352 (D.D.C. 2011) ("without expedited discovery the Plaintiffs have no way of serving Defendants with the complaint and summons"); *West Coast Productions, Inc. v. Does 1-5829*, 275 F.R.D. 9, 14 (D.D.C. 2011) ("Plaintiff has yet to formally identify any of the John Doe Defendants named in the Complaint or serve them with process"); *Acthe/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) ("the information is critical to the prosecution of this lawsuit"). But in this case, Defendant's counsel's ability and willingness to accept service of process moots the need for discovery in advance of a Rule 26(f) conference, and the need for Comcast to provide an address for Plaintiff to serve process; Defendant's counsel's ability and willingness to accept service of process "enable[s] Plaintiff to serve process on Defendant" and allows this case to go forward. Dkt. No. 3-1, at *6. Therefore, the subpoena should be quashed.

Further, other courts have allowed John Doe defendants to proceed anonymously in the early stages of cases involving alleged pornography downloading. *See, e.g.*, *Patrick Collins, Inc. v. Does 1-38*, Civil Action No. 12-10756 (D. Mass. Mar. 19, 2013) ("This case presents the type of exceptional circumstances that warrant permission to proceed anonymously."); *Sunlust Pictures, LLC v. Does 1-75*, 12 C 1546, 2012 WL 3717768 (N.D. Ill. Aug. 27, 2012) (granting leave for defendant to proceed under a pseudonym). Plaintiff has even expressly stated that Plaintiff does not object to Defendant "remaining as a John Doe." Dkt. No. 10-1, at *9.

Therefore, Defendant should be allowed to remain as a John Doe with Defendant's counsel accepting service, and Plaintiff's subpoena quashed as moot.

### B. Plaintiff's Ability to Serve Process on Defendant Removes the Need for Plaintiff to Propound Discovery in Advance of a Rule 26(f) Conference

Plaintiff in its Opposition alleges that "[c]ourts unanimously hold that Plaintiff's First Amendment right under the petition clause to bring a suit for infringement outweighs any First Amendment right proffered by an alleged infringer." Dkt. No. 10-1, at *7 (*citing Sony Music Entertainment v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004)). But contrary to Plaintiff's assertion, courts do not "unanimously hold" that Plaintiff's right to sue *always* outweighs Defendant's First Amendment right of anonymous speech; courts instead consider the specific facts of the case in light of multiple factors to "balance the defendant's First Amendment right of anonymous speech against . . . the necessity for disclosure of the anonymous defendant's identity to allow the plaintiff to properly proceed." *Dendrite Intern., Inc. v. Doe No. 3*, 342 N.J. Super. 134, 142 (App. Div. 2001) (cited by *Sony Music Entertainment Inc.* as an example of a case in which a court quashed a subpoena seeking information identifying ISP subscribers. *See Sony Music Entertainment Inc.*, 326 F. Supp. 2d at 563). Courts balance Plaintiff's and Defendant's interests because "civil subpoenas seeking information regarding anonymous individuals raise First Amendment concerns." *Sony Music Entertainment*, 326 F. Supp. 2d at 563.

"To assess whether the plaintiff's subpoena should override" Defendant's privacy rights, this "Court uses the five-part test originally explicated in *Sony Music Entertainment v. Does 1-40*." *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 350 (D.D.C. 2011) (citing *Sony Music Entertainment v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)). In light of the facts of this case—specifically, Defendant's willingness to accept service via counsel, and Plaintiff's ability to thereby serve Defendant and move the case forward—the five-

part *Sony* test weighs against allowing discovery in advance of a Rule 26(f) conference, and therefore the subpoena to Comcast should be quashed.

The *Sony* test balances five factors: (1) plaintiff's need for the information to advance its claim; (2) absence of alternative means to gain the information sought; (3) specificity of plaintiff's discovery request; (4) defendant's expectation of privacy; and (5) plaintiff's showing of a prima facie claim of copyright infringement. *Sony Music Entertainment*, 326 F. Supp. 2d at 564-65. The first four factors weigh in Defendant's favor, while the fifth factor is neutral.

1. *The First Four Factors Weigh in Defendant's Favor Because Plaintiff Does Not Need the Subpoenaed Information to Serve Defendant with Process*

The first four *Sony* factors weigh in Defendant's favor, because Defendant's counsel is authorized and willing to accept service of process in this matter. Particularly, with Defendant's counsel authorized and willing to accept service: (1) Plaintiff does not have a central need for subpoenaed information; (2) the subpoena is not the only means to obtain subpoenaed information; (3) the purpose underlying Plaintiff's initial discovery request—to serve process on Defendant—is moot; and (4) Defendant has real privacy concerns.

The Plaintiff's alleged sole interest in discovery prior to a Rule 26(f) conference is to serve Defendant with process. In *Sony*, the court granted leave for plaintiff Sony to conduct expedited discovery in order to "make possible service upon particular defendants who could be sued." *Sony Music Entertainment*, 326 F. Supp. 2d at 566; *see also Call of the Wild Movie, LLC*, 770 F. Supp. 2d at 352 (where this Court applied *Sony* in considering whether expedited discovery was required for Plaintiff to "serv[e] Defendants with the complaint and summons."). Without the subpoenaed information, plaintiff Sony was "unable to serve process." *Id.* Thus, in *Sony*, the factors considering plaintiff Sony's need for the subpoenaed information (to serve Defendant with process), the subpoena as the only means to obtain the subpoenaed information, and the

purpose underlying plaintiff Sony's need for the subpoenaed information (service of process) all weighed in favor of plaintiff Sony. *See id.*

On the other hand, a John Doe defendant has real First Amendment privacy concerns at stake. While individuals may "have little expectation of privacy in downloading and distributing copyrighted songs without permission," *Sony Music Entertainment*, 326 F. Supp. 2d at 566; *see also Hard Drive Prods., Inc. v. Does 1-1,495*, 892 F. Supp. 2d 334, 340 (D.D.C. 2012) (a BitTorrent user's "right to anonymity is minimal in this setting"), Plaintiff fails to address the distinction between the privacy interests of the subscriber assigned IP address 68.55.54.244 (i.e., Defendant) and the individual who allegedly distributed Plaintiff's work without authorization (i.e., the actual infringer). *See, e.g.*, Dkt. No. 3-1, at *8 ("Defendant is a copyright infringer with no legitimate expectation of privacy . . . in distributing the copyrighted work in question without permission"). This and other Courts have recognized that often in BitTorrent cases, "there is a reasonable likelihood that the [Defendant] may have had no involvement in the alleged illegal downloading that has been linked to his or her IP address." *Malibu Media, LLC v. John Does 1-11*, No. 12-0237 (D.D.C. July 10, 2012); *see also Elf-Man, LLC v. Cariveau*, C13-0507RSL, 2014 WL 202096 (W.D. Wash. Jan. 17, 2014) ("it is no more likely that the subscriber to an IP address carried out a particular computer function . . . than to say an individual who pays the telephone bill made a specific telephone call"). It is important to acknowledge and consider the distinction between a subscriber defendant and the alleged infringer because, as this Court has previously recognized, the First Amendment privacy interests of John Doe defendants must be considered. *See, e.g., Call of the Wild Movie, LLC*, 770 F. Supp. 2d at 350 ("First Amendment rights must be considered before the Court allows the plaintiffs to override the putative defendants' anonymity by compelling the production of these defendants' identifying information.").

Plaintiff argues that "this Court should not quash the subpoena based on Defendant's denial." Dkt. No. 10-1, at *9; *see also Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) ("the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable"). That being the case, neither should the Court *grant* discovery before a Rule 26(f) conference based on Plaintiff's untested allegations. *Both* sides' claims on the merits should be given equal weight—to wit, none.

Instead, the Court should balance Defendant's privacy interests against Plaintiff's need for discovery before a Rule 26(f) conference. Defendant's privacy interests are real; "the specific allegation here—the illegal downloading of pornographic material—would cause him or her undue embarrassment due to the nature of the content of the copyrighted material." *Malibu Media, LLC v. John Does 1-11*, No. 12-0237 (D.D.C. July 10, 2012); *see also Call of the Wild Movie*, 770 F. Supp. 2d 332 at 351 ("people who have committed no wrong should be able to participate online without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity" (*quoting Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999)). Plaintiff's need for discovery before a Rule 26(f) conference, by contrast, is—by Plaintiff's own admission—solely to "enable Plaintiff to serve process on Defendant." Dkt. No. 3-1, at *6. But here Plaintiff does not need the subpoenaed information in order to serve Defendant with process—because Defendant's counsel is willing and able to accept service on behalf of Defendant. Therefore, quashing the subpoena in this case balances both parties' interests—Plaintiff may serve Defendant and move forward with enforcing its copyright, and Defendant can present evidence refuting Plaintiff's allegations without suffering "undue embarrassment due to the nature of the content of the copyrighted material." *See Malibu Media, LLC*, No. 12-0237 (D.D.C. July 10, 2012).

*2. Prima Facie Claim of Copyright Infringement*

The final factor is neutral. A prima facie claim of copyright infringement consists of showing (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 35061 (1991). Even assuming that Plaintiff's unproven allegations constitute a prima facie claim of copyright infringement, "the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable." *Achte/Neunte Boll Kino Beteiligungs GmbH & Co. v. Does 1-4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010).

The ability of Plaintiff to complete service upon the Defendant through Defendant's counsel, combined with Defendant's privacy interests, outweigh any legitimate interest in enforcing the current third-party subpoena to Comcast and publicly disclosing the identity of the Defendant.

## II. DEFENDANT HAS STANDING TO CHALLENGE THE SUBPOENA

Plaintiff's allegation "that Defendant does not have standing to move to quash the subpoena on the basis of undue burden" is misplaced. *See* Dkt. No. 10-1, at *5.

This Court has explicitly stated that "the individual or entity whose subscriber information was the subject of the subpoena has standing to move to quash it." *Worldwide Film Entertainment, LLC v. Does 1-749*, 2010 WL 1946926 (D.D.C. May 13, 2010). *But cf. West Coast Productions, Inc. v. Does 1-5829*, 275 F.R.D. 9, 16 (D.D.C. 2011) (movants lacked standing to allege procedural defects in subpoenas, such as insufficient time to comply or burden of compliance). Other courts have similarly found that a John Doe defendant in a pornography-downloading case has standing to challenge a subpoena to the defendant's ISP. *See, e.g.*, *Patrick Collins, Inc. v. Does 1-38*, Civil Action No. 12-10756 (D. Mass. Mar. 19, 2013) ("Doe defendants have standing to challenge subpoenas served on their ISPs in this case."); *see also*

*Third Degree Films, Inc. v. Does 1-108*, CIV.A. DKC 11-3007, 2012 WL 669055 (D. Md. Feb. 28, 2012) ("Doe Defendants have standing to contest the subpoenas, and their motions to quash will not be denied on that basis"); *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 517 (N.D. Ind. 2012) ("because Doe No. 12 'has at least a minimal privacy interest in the information requested by the subpoena, he has standing to object'"); *Sunlust Pictures, LLC v. Does 1-75*, 12 C 1546, 2012 WL 3717768 (N.D. Ill. Aug. 27, 2012) (same).

Therefore, the Court should recognize Defendant's standing to object to the subpoena.

### III.  CONCLUSION

In light of counsel for Defendant's ability and willingness to accept service of the Complaint in this matter, Plaintiff's entire basis for requesting and enforcing the subpoena is moot, and the subpoena should be quashed.

Respectfully Submitted,

Dated: March 24, 2014

JOHN DOE subscriber assigned IP address 68.55.54.244, Defendant.

Care of BANNER & WITCOFF, LTD.
By:   /s/ Christopher B. Roth
Christopher B. Roth, D.C. Bar No. 473052
Ross A. Dannenberg, D.C. Bar No. 473917
   (admitted *Pro hac vice*)
1100 13th Street N.W., Suite 1200
Washington, D.C. 20005-4051
Telephone: (202) 824-3000
Facsimile: (202) 824-3001
croth@bannerwitcoff.com
rdannenberg@bannerwitcoff.com

***Attorneys for Defendant***